Charles A. WINSTON, Plaintiff–
Appellant

v.

Danny BURL, Warden, East Arkansas
Regional Unit; Todd Ball, Deputy
Warden of Security, East Arkansas
Regional Unit; Dexter Payne, Deputy
Warden of Operation, East Arkansas
Regional Unit; Walton, Mailroom Su-
pervisor, East Arkansas Regional
Unit; Barbara Ester, Estate of Bar-
bara Ester, deceased, Property Super-
visor, East Arkansas Regional Unit;
Lynette Dickerson, Property Supervi-
sor, East Arkansas Regional Unit, De-
fendants–Appellees.

No. 14–2925.

United States Court of Appeals,
Eighth Circuit.

March 17, 2015.

Charles A. Winston, Grady, AR, for
Plaintiff–Appellant.

Before SMITH, GRUENDER,
BENTON Circuit Judges.

PER CURIAM.

Arkansas prisoner Charles Winston ap-
peals the district court's dismissal of his 42
U.S.C. § 1983 complaint alleging defen-
dants wrongfully destroyed his property
and retaliated against him for filing griev-

ances. After careful review of the record,
we affirm. *Cooper v. Schriro,* 189 F.3d
781, 783 (8th Cir.1999) (per curiam) (de
novo review of 28 U.S.C. § 1915A dismiss-
al); *Fullington v. Pfizer, Inc.,* 720 F.3d
739, 747 (8th Cir.2013) (court of appeals
may affirm on any basis supported by
record).

The district court correctly decided that
Winston failed to state a procedural due
process claim based on the destruction of
his property because Arkansas provided
an adequate post-deprivation remedy. *See
Hudson v. Palmer,* 468 U.S. 517, 533, 104
S.Ct. 3194, 82 L.Ed.2d 393 (1984) (unau-
thorized deprivation of property does not
constitute violation of procedural due pro-
cess if meaningful post-deprivation remedy
is available); *Willis Smith & Co., Inc. v.
Arkansas,* 548 F.3d 638, 640 (8th Cir.2008)
(Arkansas provides adequate post-depriva-
tion remedy for property claims through
Arkansas State Claims Commission). Addi-
tionally, the statute of limitations barred
any claims based on conduct that occurred
before December 30, 2010, *see Miller v.
Norris,* 247 F.3d 736, 739 (8th Cir.2001)
(Arkansas 3–year statute of limitations for
personal injuries applies to § 1983 claims),
and, to the extent the complaint raised
timely claims against Lynette Dickerson
based on retaliation, denial of access to the
courts, or violations of prison policies, re-
mand is unnecessary because the allega-
tions failed to state a claim, *see Atkinson
v. Bohn,* 91 F.3d 1127, 1129 (8th Cir.1996)
(per curiam) (plaintiff must allege suffi-
cient facts to infer retaliatory animus to
state retaliation claim); *Hartsfield v.
Nichols,* 511 F.3d 826, 831–32 (8th Cir.
2008) (denial of access to courts claim must
be supported by showing actual injury, i.e.,
that non-frivolous legal claim was frustrat-
ed or impeded); *Gardner v. Howard,* 109
F.3d 427, 430–31 (8th Cir.1997) (violating

prison policy does not give rise to § 1983 claim).

Therefore, we affirm. *See* 8th Cir. R. 47B.